IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID CZAPIEWSKI, ANTHONY RIACH,          OPINION AND ORDER
LARRY ANDREWS, MATTHEW REILLY,
DAVID THOMAS, MICHAEL CONNELY,            15-cv-654-bbc
JACOB DIETRICH, DONTRELL ANDERSON
and WILLIAM ZIEMER,

                      Plaintiffs,

        v.

KURT THOMAS, JESSIE RHINES
JOHN DOE #2, JOHN DOE #3,
JOHN DOE #4 and JOHN DOE #5.

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs David Czapiewski, Anthony Riach, Larry Andrews, Matthew Reilly, David

Thomas, Michael Connely, Jacob Dietrich, Dontrell Anderson and William Ziemer, all of

whom are inmates at the Wisconsin Resource Center, have filed this suit under 42 U.S.C.

§ 1983. They assert that various members of the Resource Center's medical

staff—defendants Kurt Thomas, Jessie Rhines and John Does ##2-5—violated plaintiffs'

Eighth Amendment rights by knowingly exposing them to a risk of contracting Hepatitis C

from a fellow inmate. Two motions are pending in this case: defendants' motion to transfer

pursuant to 28 U.S.C. § 1404(a) and plaintiff David Thomas's motion for access to his

release account. I am granting defendants' motion to transfer, which is unopposed, and

denying plaintiff Thomas's motion for access to his release account.

1

OPINION

A. <u>Defendants' Motion to Transfer</u>

On February 1, 2016, plaintiffs filed an unopposed motion to transfer this case to the Eastern District of Wisconsin, which is where plaintiffs are incarcerated and where the events in question occurred. Although it was unopposed, I denied plaintiffs' motion to transfer on the ground that, generally speaking, objections to venue must be raised by defendants. <u>Olberding v. Illinois Central Railroad Co.</u>, 346 U.S. 338, 340 (1953) ("The plaintiff, by bringing suit in a district other than that authorized by the statute, relinquished his right to object to the venue."). Now defendants have filed their own motion to transfer, which plaintiffs do not oppose. After reviewing defendant's motion and supporting materials, I conclude that transfer to the Eastern District of Wisconsin is warranted.

Defendants ask that I transfer this action pursuant to 28 U.S.C. § 1404(a), which provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In considering convenience, § 1404(a) "requires the court to consider the situs of material events, ease of access to sources of proof, including the location of the parties and the witnesses, and plaintiff's choice of forum." <u>Almond v. Pollard</u>, No. 09-cv-335-bbc, 2010 WL 2024099, at *2 (W.D. Wis. May 18, 2010). Here, the events giving rise to plaintiffs' claims occurred at the Wisconsin Resource Center, which is located in the Eastern District of Wisconsin. Moreover, the defendants, six of eight named plaintiffs and a majority of the

2

probable witnesses—employees at the Wisconsin Resource Center—are located in the Eastern District. Finally, although plaintiffs originally filed suit in this district, plaintiffs have reconsidered their choice of forum and now agree with defendants that this case should be transferred to the Eastern District of Wisconsin.

The "interest of justice" inquiry under § 1404(a), which focuses on the "efficient administration of the court system" and whether transfer "would insure or hinder a speedy trial," id., also weighs in favor of transferring this case. This case is still in its early stages and there are no significant motions under consideration that might counsel against transfer to a new court. Additionally, the Eastern District of Wisconsin's civil docket is comparable to the Western District of Wisconsin's when it comes to the number of cases pending per judge and the median amount of time between filing and disposition.

Accordingly, I am granting defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a) and transferring this case to the Eastern District of Wisconsin.


B. Plaintiff Thomas's Motion for Access to Release Account

The other matter pending is plaintiff David Thomas's motion for an order authorizing him to use the funds in his prison release account for copies, postage and filing fees related to this action. I am denying this motion. Prison officials are responsible for adopting and implementing rules governing when and how prisoners' release account funds may be used. A district court has very limited authority to interfere with this aspect of prison administration. Mosby v. Wommack, No. 08-cv-677-bbc, 2009 WL 2488011 (W.D. Wis.

3

Aug. 12, 2009) ("[W]ith the exception of initial partial payments, I do not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account."); Artis v. Meisner, No. 12-cv-589-wmc, 2015 WL 5749785, at *5-6 (W.D. Wis. Sept. 30, 2015) ("Absent some authority requiring the prison to disburse [plaintiff's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons.").


ORDER

IT IS ORDERED that

1. The motion to transfer filed by defendants Kurt Thomas and Jessie Rhines, dkt. #59, is GRANTED. The clerk of court is directed to TRANSFER this case to the United States District Court for the Eastern District of Wisconsin.

2. Plaintiff David Thomas's motion for release of account funds, dkt. #60, is DENIED.

Entered this 6th day of April, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4