UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DAVID CZAPIEWSKI,**
**ANTHONY RIACH,**
**LARRY ANDREWS,**
**DAVID THOMAS,**
**MICHAEL CONNELY,**
**JACOB DIETRICH,**
**DONTRELL ANDERSON, and**
**WILLIAM ZIEMER,**

      Plaintiffs,

      v.                                              Case No. 16-cv-426

**KURT THOMAS,**
**JESSI RHINES, and**
**JOHN DOE ##2-5,**

      Defendants.

## ORDER

On April 6, 2016, Judge Barbara Crabb of the United States District Court for the Western District of Wisconsin entered an order transferring this case to the Eastern District of Wisconsin. As part of that decision she denied plaintiff David Thomas's motion for an order authorizing him to use the funds in his prison release account for copies, postage, and filing fees relating to this matter.

On April 28, 2016, Thomas filed a motion for reconsideration of that order, citing to various Wisconsin state court decisions permitting prisoners to pay litigation expenses out of their release accounts. *See, e.g., Spence v. Cook,* 222 Wis.2d 530 (Ct. App.1998). According to Thomas, cases like *Spence* and Wisconsin's version of the

Prisoner Litigation Reform Act ("PLRA") control, requiring this court to order disbursement of his release account funds.

*Spence* held that under Wisconsin's version of the PLRA, release accounts are available to prisoners to pay their initial partial filing fee. It based that holding on Wis. Stat. § 814.29(1m)(d), which provides:

> If the court determines that the prisoner who made the affidavit [of indigency] does have assets *in a trust fund account, whether accessible to the prisoner only upon release or before release,* the court shall order an initial partial filing fee to be paid from that trust fund account before allowing the prisoner to commence or defend an action, special proceeding, writ of error or appeal. The initial filing fee shall be the current balance of the prisoner's trust fund account or the required filing fee, whichever is less.

*Spence,* 222 Wis.2d at 536 (emphasis in original) (quoting Wis. Stat. § 814.29(1m)(d)).

Based on that language, *Spence* concluded that "[r]easonably well-informed persons would not understand the italicized language to limit in any manner the availability of any funds held for the prisoner within the prison system, regardless of the title or purpose of the account in which the funds are held." *Id.* at 537. *Spence* recognized that the Wisconsin Administrative Code stated that release accounts could be disbursed only upon an inmate's release to field supervision, but concluded that "the PLRA supersedes this administrative code provision." *Id.* In a footnote, *Spence* also noted that it saw "no reason why other litigation fees and costs within the meaning of § 814.29, STATS., would not be payable with release account funds." *Id.* at 538 n.9.

In light of *Spence* and its suggestion that "other litigation fees and costs" were payable from an inmate's release account, Wisconsin state courts have since permitted prisoners to use their release accounts to satisfy various litigation costs, not just to pay the filing fee. *See, e.g., State ex rel. Akbar v. Kronzer,* 273 Wis.2d 749 (Ct. App. 2004).

2

Courts in this district have permitted prisoners to pay filing fees from their release accounts, in reliance on the language of the federal PLRA. *E.g., Guman v. Bailey,* No. 09–CV–106, 2009 WL 1687578, at *1–2 (June 15, 2009); *Doty v. Doyle,* 182 F.Supp.2d 750, 751–52 (E.D. Wis. 2002); *Spence v. McCaughtry,* 46 F.Supp.2d 861 (E.D. Wis. 1999). Importantly, however, courts have not permitted prisoners to pay litigation *costs* from their release accounts under the federal PLRA.

This distinction matters, because the actual language of the two statutes supports different treatments. Unlike the Wisconsin PLRA, which addresses procedures to be followed when a prisoner wishes to bring a civil action without prepayment of "fees or costs" generally, *see* Wis. Stat. § 814.29, the federal PLRA refers specifically to procedures to be followed when a prisoner wishes to bring a civil action "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(2). The federal PLRA says nothing about costs, and at least one Circuit Court of Appeals has noted that granting *in forma pauperis* status under § 1915 "does not exempt litigants from the costs of copying and filing documents; service of documents other than the complaint; costs, 28 U.S.C. § 1915(f)(1); expert witness fees ...; or sanctions." *Porter v.. Dep't of Treasury,* 564 F.3d 176, 180 n. 3 (3rd Cir. 2009) (internal citation omitted).

The court recognizes that Wisconsin has taken a more liberal approach in ordering the payment of litigation-related fees from release accounts, but that distinction is justified by the textual differences between the Wisconsin PLRA and the federal PLRA. Absent some authority *requiring* the prison to disburse Thomas's release account funds, I agree with Judge Crabb's decision to not interfere in the administration of Wisconsin state prisons in this manner, particularly when any such intervention may

3

likewise interfere with the policies of "aid[ing] the inmate's reintegration into the community" and "reimburs[ing] the department for incarceration costs," which are the purposes of the release account. *See* Wis. Admin. Code § DOC 309.466(2).

**THEREFORE**, Thomas's motion for reconsideration (Docket #74) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge