# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID CZAPIEWSKI, et al.,**
      **Plaintiffs,**

  v.                                        Case No. 16-CV-426

**KURT THOMAS, et al.,**
      **Defendants.**

## ORDER

Plaintiffs, Wisconsin state prisoners representing themselves, brought this action under 42 U.S.C. § 1983, alleging that defendants, state corrections officials, violated their Eighth Amendment rights while they were in custody at the Wisconsin Resource Center (WRC). Specifically, plaintiffs allege that defendants knowingly exposed them to a risk of contracting Hepatitis C by allowing them to share a razor with an infected inmate. The parties are currently in the middle of briefing their cross-motions for summary judgment. Before me now are plaintiffs' motions to appoint an expert witness pursuant to Federal Rule of Evidence 706 (ECF No. 123) and to stay briefing of the parties' cross-motions for summary judgment until I do (ECF No. 121).

In their brief in support of their motion for summary judgment, defendants argue, among other things, that (1) there is no cognizable harm because none of the plaintiffs actually contracted Hepatitis C and (2) the risk of transmission was not substantial because the shared razor was disinfected between uses. To support these arguments, defendants rely on the declaration of defendant Jessica Rhines, a part-time nurse specialist at WRC. Rhines states, "If a person exposed to Hepatitis C becomes infected, virus particles (called HCV RNA) can be detected within one to two weeks. Liver

function tests also will tend to rise during the time frame. Hepatitis C antibodies appear after RNA is detectable and can take 3 to 12 weeks to appear." Rhines Decl., Docket #107, ¶ 16. She says that none of the inmates who agreed to be tested for Hepatitis C received a positive test result. *Id.* ¶¶ 15, 17. She further states, "The risk of contracting Hepatitis C through the use of a shared electric razor is very minimal" because of the use of a disinfectant spray "called Mar-v-cide. . . . [that] contains active ingredients proven to be effective in killing viruses, bacteria, molds, mildew and spores on hard non-porous surfaces." *Id.* ¶ 19.

Plaintiffs argue that Rhines's statements are expert opinions pursuant to Federal Rule of Evidence 702. Plaintiffs dispute Rhines's conclusions but argue that they cannot directly rebut them because they are indigent and cannot afford to hire their own expert. They have submitted a declaration showing that they "cannot present facts essential to justify [their] opposition" to defendants' summary judgment motion because of this. Fed. R. Civ. P. 56(d).

I agree that Hepatitis C testing, the risk of transmission under the circumstances, and the effectiveness of the disinfectant spray used are subjects for expert testimony. These subjects are beyond the general knowledge of a lay juror, cannot possibly be the subject of lay opinion, and require the application of scientific principles to reliable facts and data that can only be properly presented by a qualified expert. However, I need not consider whether to appoint an expert witness at this time because I cannot determine whether these are material, genuinely disputed issues on summary judgment until the parties finish briefing their motions. If, after briefing, it becomes clear that these issues are material to resolution of those motions, I will then decide whether to deny them or

2

defer considering them until an expert witness can be appointed and additional discovery and briefing completed. Fed. R. Civ. P. 56(d)(1). Further, the expert opinions offered in Rhines's declaration may not be admissible under Rule 702, so plaintiff's may not need to substantively rebut them on summary judgment or otherwise. For now, I will deny plaintiffs' motions.

Plaintiffs have until December 30, 2016, to file their reply in support of their own summary judgment motion and to file their materials in opposition to defendants' motion for summary judgment. There is no need to adjust that deadline.

**THEREFORE, IT IS ORDERED** that plaintiffs' motion to appoint an expert witness (ECF No. 123) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion to stay summary judgment proceedings (ECF No. 121) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

3

Case 2:16-cv-00426-LA   Filed 12/05/16   Page 3 of 3   Document 124